CASE 66—EQUITY—SEPTEMBER 12, 1882.

80  353
f133  131

# Hawkins v. Ragsdale.

### APPEAL FROM UNION CIRCUIT COURT.

1. The divorce obtained by the husband of appellant in Indiana determined the *status* of the parties, but does not by its own force affect the right to property in this state.

2. But *section 14, article 4, chapter 52, General Statutes*, which is the same as the Revised Statutes, provides that "a divorce bars all claim to curtesy or dower," was intended to apply to all valid divorces wherever obtained.

G. H. TOWERY FOR APPELLANT.

The divorce obtained by the appellant's husband from her can only affect rights to property in the state where it was granted. (Williams v. Preston, 3 J. J. Mar., 607; McGuire v. McGuire, 7 Dana, 187; 1 Wilcox, 27.)

KEN. CHAPEZE FOR APPELLEE.

The effect of the Indiana divorce is to destroy all relations between the husband and appellant, and the Kentucky statute distinctly provides that a divorce bars all curtesy or dower. (Cooley's Const. Lim., 399; Row. Inter-State Laws, 179; Herman on Estoppel, p. 222; Rankin v. Barnes, 5 Bush, 20.)

JUDGE HINES DELIVERED THE OPINION OF THE COURT.

A. S. Hawkins and appellant were husband and wife, residing in this state, where the husband owned certain lands. Appellant abandoned her husband, who subsequently removed to the state of Indiana, where he obtained a divorce from the bonds of matrimony, by proceeding on constructive service, and in compliance with the laws of that state. A. S. Hawkins afterwards married in the state of Indiana, and has since died. This is an action by appellant to recover dower in the lands lying in Kentucky, and owned by A. S. Hawkins at the time of the separation and divorce.

The court below dismissed the petition, from which judgment this appeal is taken.

A. S. Hawkins being a *bona fide* citizen of Indiana, and resident therein at the time of the proceedings in which the divorce was obtained, the decree severing the bonds of matrimony determines the status of the parties, but does not by its own force affect the right to property in this state. That being true, appellant has dower in the land, unless she is deprived of it by the statute law of this state. Section 14, article 4, chapter 52, of the General Statutes, which is the same as the Revised Statutes, provides that "a divorce bars all claim to curtesy or dower."

We are of the opinion that this statute was intended to apply to all valid divorces, no matter by what sovereignty granted. In its terms it is general, referring to the fact of the severance of the bonds of matrimony, and not to the tribunal by which the dissolution is declared.

Judgment affirmed.